AB:OG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

- against -

KAREEM ROSS,
    also known as "Reems Ramadon,"

             Defendant.

– – – – – – – – – – – – – – –X

**FILED UNDER SEAL**

18-M-583

COMPLAINT AND AFFIDAVID
IN SUPPORT OF APPLICATION
FOR AN ARREST WARRANT

(T. 18, U.S.C., § 1951)

EASTERN DISTRICT OF NEW YORK, SS:

        JOHN MATZEN, being duly sworn, deposes and states that he is a Detective with the New York City Police Department ("NYPD"), duly appointed according to law and acting as such.

        On or about May 25, 2018, within the Eastern District of New York, the defendant KAREEM ROSS, also known as "Reems Ramadon," did knowingly and intentionally obstruct, delay and affect commerce and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of marijuana and proceeds of marijuana trafficking from a drug dealer in Brooklyn, NY.

        (Title 18, United States Code, Section 1951)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.      I have worked for the NYPD for approximately thirteen years. I conduct investigations of armed robberies, burglaries, grand larcenies, home invasions and other criminal conduct. In my role as a Detective, I have investigated various state and federal criminal violations, including armed robberies. The information set forth below is based upon my experience and training as a Detective, my review of documents and other evidentiary items, my debriefing of witnesses, and my discussions with other law enforcement personnel, including those who primarily prosecute drug trafficking and money laundering. Unless specifically indicated, all conversations and statements described in this affidavit are related in sum and substance and in part only.

2.      On or about May 25, 2018, the defendant KAREEM ROSS, together with other known and unknown coconspirators, abducted a victim ("Victim 1"), tied Victim 1, and placed Victim 1 inside of a van. In the course of abducting Victim 1, the defendant and another known coconspirator both displayed firearms. After placing Victim 1 inside of the van, the defendant, together with other known and unknown coconspirators, entered into the residence of Victim 1, the first floor apartment of ███████████, a residential house in Brooklyn, NY, consisting of two apartments ("Residence"). Inside of the Residence were four additional victims (Victim 2, Victim 3, Victim 4 and Victim 5), three of which are minor children. Upon entering the residence, Victim 2, Victim 3, Victim 4 and Victim 5 were

---

[1]      Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

ordered into the common room and told to lay face down on the ground by one of the

perpetrators.  In the process, one of coconspirators hit Victim 2, a minor child, in the head

with a pistol.  One of the coconspirators also hit Victim 3 in the head with a pistol.  After the

defendant, along with the coconspirators searched the residence, they took approximately

$7,000 in U.S. currency and numerous large buckets filled with marijuana.

   3. Upon examining the crime scene inside of the residence, law

enforcement personnel recovered a broken cigarette from the floor of the living room.  DNA

was recovered from the cigarette which matched the DNA of the defendant, who was known

from a previous investigation.  Based upon a photo array, Victim 1 was able to identify the

defendant as being one of the perpetrators that kidnapped him.  Victim 2 was able to describe

one of the perpetrators, who was wearing a grey hooded sweatshirt and jeans.  During the

robbery, that perpetrator inquired of other coconspirators how he could assist in furthering the

search the apartment.

   4. The defendant was arrested on June 20, 2018.  Following his arrest and

after waiving his <u>Miranda</u> rights, the defendant stated, in sum and substance, that he entered

inside of the Residence with five other individuals to purchase a large quantity of marijuana.

The defendant stated further, in sum and substance, that upon learning that the other

individuals were intending to steal rather than purchase marijuana, he left with the intention of

having no further involvement.  Video footage of the incident and information from an eye-

witness contradict the defendant's claim of leaving the apartment prior to his coconspirators

or the completion of the robbery.   Furthermore, the defendant identified himself as the

perpetrator wearing the grey hooded sweatshirt and jeans in that surveillance video.  The

perpetrator wearing the grey hooded sweatshirt and jeans matches the person described by

4

Victim 2. The defendant also admitted, in sum and substance, to receiving a portion of the marijuana from the buckets that were stolen from the Residence.

5.    Victim 1 is known as a drug dealer from a prior investigation. He has previously acknowledged to law enforcement personnel as recently as May 2018 that he has sold marijuana. On February 10, 2018, more than $19,000 of U.S. currency was seized from Victim 1 at an airport pursuant to 18 U.S.C. § 981 just prior to Victim 1's flying from New York to California.

6.    Based upon my conversations with law enforcement personnel that are trained and experienced in the trafficking of narcotics throughout the United States, the buckets taken from the Residence are consistent with the type used to transport marijuana from the west coast to the east coast of the United States of America.

7.    I request that the Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the affidavit and arrest warrant. Based upon my training and experience, I have learned that criminals actively search for criminal affidavits and arrest warrants via the internet. Therefore, premature disclosure of the contents of this affidavit and related documents will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence and change patterns of behavior.

5

WHEREFORE, your deponent respectfully requests that the defendant

KAREEM ROSS be dealt with according to law.

JOHN MATZEN
Detective
New York City Police Department


Sworn to before me this
25th day of June, 2018

THE HONORABLE STEVEN L. TISCIONE
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK